**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

OMAR GUTIERREZ,                            :    Case No. 2:22-cv-2039
                                           :
            Plaintiff,                     :
                                           :
                                           :    Chief District Judge Algenon L. Marbley
vs.                                        :    Magistrate Judge Caroline H. Gentry
                                           :
CHRISTOPHER J. BURCHINAL, *et al*.,        :
                                           :
            Defendants.                    :

## REPORT AND RECOMMENDATION

Omar Gutierrez, an Ohio prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action under 42 U.S.C. § 1983.  (Doc. 1-1, 1-2).  He asserts that his rights were violated by a state police detective and the attorney appointed to represent him on state criminal charges.  (Doc. 1-1, PageID 11, 29, 47-48).

The matter is currently before the undersigned Magistrate Judge to conduct the initial screening of Gutierrez' Complaint as required by law.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety for failure to state a claim on which relief may be granted.

## I.      Initial Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint.  28 U.S.C. §§ 1915A(a) and 1915(e)(2).  The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]).  Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory."  *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.    Parties and Claims

Gutierrez sues two individuals involved in the state criminal matter(s) for which he is currently incarcerated:  Detective Shawn Wade of the "Delaware County Task Force," who was involved in a drug investigation in 2012, and Christopher J. Burchinal, Gutierrez's court-appointed lawyer who was later permanently disbarred by the Supreme Court of Ohio.  (Doc. 1-1 (hereinafter "Complaint")).  Documents attached to the Complaint reflect that Gutierrez was indicted in the Court of Common Pleas of Delaware County, Ohio in 2012.  (Complaint, PageID 32, 43 (Case No. 12CR-I-10-0376)).  The 2012 case was dismissed "without prejudice pursuant to re-indictment" in 2018.  (Complaint, PageID 32, 44, 45 (Case No. 18CR-I-01-0046)).  According to the Ohio Department of Rehabilitation and Correction, Gutierrez is serving a ten-year sentence for a felony drug trafficking offense imposed in the 2018 case.  *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A742262 (accessed June 13, 2022).

Gutierrez has raised issues concerning his Delaware County charges to this Court before. In 2019, the Sixth Circuit Court of Appeals described the history of his state (and federal) criminal cases as follows:

> In November 2011, Gutierrez was charged in the United States District Court for the Eastern District of New York with conspiracy to distribute and possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). The information alleged that Gutierrez committed the charged offenses "[o]n or about and between January 1, 2007 and September 14, 2011, both dates being approximate and inclusive, within the Southern District of Ohio and elsewhere." Pursuant to a plea agreement, Gutierrez pleaded guilty to the charged offenses and agreed to cooperate with the government's prosecution of other federal cases.
>
> In October 2012, while Gutierrez was cooperating with the federal government, the Delaware County (Ohio) Grand Jury indicted Gutierrez on one count of possession of cocaine, in violation of Ohio Revised Code § 2925.11(A), and one count of complicity to traffic in cocaine, in violation of Ohio Revised Code

§§ 2923.03(A)(2) and 2925.03(A)(2). Both charges carried an attendant major drug offender specification. The indictment alleged that Gutierrez committed the charged offenses on September 27, 2012. Gutierrez's state case was continued for several years while Gutierrez continued to cooperate with the federal government.

In January 2016, the federal district court held a change-of-plea hearing because Gutierrez and the government had reached a new superseding plea agreement, which provided that Gutierrez would plead guilty to a lesser-included offense in exchange for a reduced sentence. The district court permitted Gutierrez to withdraw his 2011 plea and plead guilty to the lesser charge before ultimately sentencing him to time served and five years of supervised release.

Gutierrez was subsequently taken into custody in Ohio, whereupon he moved to dismiss the indictment in his state case. Specifically, Gutierrez argued that Ohio Revised Code § 2925.50 barred his prosecution because he was previously convicted under federal drug abuse control laws for the same course of conduct that was at issue in his state case. The trial court denied Gutierrez's motion to dismiss, concluding that it was procedurally barred from ruling on the motion because Ohio law prohibits criminal defendants from seeking the dismissal of charges before trial. The trial court alternatively determined that section 2925.50 was inapplicable because Gutierrez "in his federal case was not prosecuted for, convicted of, or punished for the offenses that are at issue in" his state case. Gutierrez filed an interlocutory appeal, and the Ohio Court of Appeals affirmed the trial court's denial of Gutierrez's motion to dismiss. *State v. Gutierrez*, 87 N.E.3d 812, 819 (Ohio Ct. App. Mar. 28, 2017), *perm. app. denied*, 87 N.E.3d 222 (Ohio 2017) (table).

In January 2018, the Delaware County Grand Jury indicted Gutierrez on two counts of trafficking in drugs and one count of drug possession, with each count carrying a major drug offender specification. The indictment alleged that the first trafficking charge occurred between August 1, 2012, and September 15, 2012, whereas the second trafficking charge and the cocaine possession charge occurred on September 27, 2012. The trial court thereafter granted the State's motion to dismiss the 2012 indictment. The parties subsequently entered into an agreement pursuant to Rule 11(F) of the Ohio Rules of Criminal Procedure, whereby Gutierrez agreed to plead guilty to a lesser included offense on counts one and two in exchange for the State agreeing to dismiss count three and all the major drug offender specifications. The parties also agreed to jointly recommend a ten-year prison sentence. The trial court accepted Gutierrez's guilty pleas, dismissed count three and the drug specifications, and imposed the jointly recommended ten-year sentence.

*Gutierrez v. Gray*, No. 19-3514, 2019 WL 6445420, at *1-2 (6th Cir. Oct. 23, 2019).

In the § 1983 action currently before this Court, Gutierrez challenges the Ohio proceedings.  He alleges that Detective Wade "initiated a[n] unlawful prosecution knowing his actions were not based upon actual evidence"; unlawfully obtained evidence from an unlawfully issued search warrant; knew that he and the State of Ohio had no jurisdiction because Homeland Security investigators had control and possession of the drugs for which he was charged; and knew that the drugs at issue had been in the possession of another person and not Gutierrez. (Complaint, PageID 29).  Gutierrez also asserts that he was arrested in September 2012 and held but not charged until several days later in October 2012.  (*Id*.).  He seeks $25 million in damages from Detective Wade.  (*Id*., PageID 47).

With respect to Attorney Burchinal, Gutierrez alleges that he took several actions that caused him to lose his family and freedom, including:  failing to do an independent drug test; tricking Gutierrez into a plea agreement by saying he would receive a sentence of "time served" in the state case (which did not happen); making a deal for a nine-year sentence without speaking to Gutierrez; conspiring with the state court judge and prosecutor; and failing to file a brief in his direct appeal, which led to its dismissal, and lying to Gutierrez and his family about it. (Complaint, PageID 11, 48).  He points the Court to *Disciplinary Counsel v. Burchinal*, 163 Ohio St. 3d 436, 2021-Ohio-774, 170 N.E.3d 855 (attached to the Complaint at PageID 13-28) (hereinafter "Burchinal Decision"), in which the Supreme Court of Ohio permanently disbarred Burchinal, in part because of his actions (and inactions) in Gutierrez's case.[1]  Gutierrez seeks compensatory damages from Burchinal in the amount of $5 million.  (Complaint, PageID 48).

---

[1] The Supreme Court of Ohio said, with respect to Plaintiff: "In the Gutierrez matter, Burchinal timely filed a notice of appeal of Gutierrez's criminal sentence, but the appeal was dismissed on July 2, 2018, because Burchinal never filed an appellate brief. When Gutierrez's wife, Carmen Suarez, inquired about the dismissal a few days later, Burchinal lied and told her that he had received a 40-day extension to file the brief and that he would check with the

### III.    Discussion

Gutierrez brings these claims pursuant to 42 U.S.C. § 1983.  (Civil Cover Sheet, Doc. 1-2).  "Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.'"  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To state a cause of action under § 1983, a plaintiff must allege:  "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  Although Gutierrez does not identify any specific constitutional or federal rights that have been violated, the Undersigned construes his Complaint as raising a Fourth Amendment malicious prosecution claim against Wade, and a Sixth Amendment ineffective assistance of counsel claim against Burchinal.  *See generally King v. Harwood*, 852 F.3d 568, 582-83 (6th Cir. 2017) ("Individuals have a clearly established Fourth Amendment right to be free from malicious prosecution.");  *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984) ("the Sixth Amendment right to counsel

---

court to see why the extension did not appear on its online docket. He later falsely told Suarez that he had spoken with the court about correcting the docket and that he expected to have a new deadline soon.

On a Friday in September 2018, Burchinal told Suarez that he had completed the brief in Gutierrez's case and that after he put the finishing touches on it over the weekend, he would "file it Monday." More than a week later, Suarez asked whether Burchinal had filed the brief and sent Gutierrez a copy. Burchinal falsely implied that the brief had been filed by responding, "I do not think a copy has been sent to him but I will make sure that he gets one." He continued to lie to Suarez, stating that he had gone to visit Gutierrez at the prison but had been unable to see him because prison officials had double-booked the visitation room, when he had never actually gone to the prison. And when Suarez asked him to give her the name of another attorney, he claimed that he was drafting a petition for postconviction relief (which a public defender had advised Burchinal was the best option for the issue in the case) and would file it within the week, but he has stipulated that he did not prepare such a petition. Burchinal promised to forward Gutierrez's file and transcripts to new counsel, but he never did. Gutierrez's efforts to reopen his appeal were unsuccessful."

Burchinal Decision, ¶¶ 19-20.

exists," and is "the right to the effective assistance of counsel.") (internal citation and quotation omitted).

But even construing Gutierrez's Complaint liberally, he fails to state a claim on which this Court may grant relief for several reasons. Gutierrez's claims implicitly seek to challenge or undermine the validity of a state criminal judgment, and as such, are barred in a § 1983 action. Gutierrez's malicious prosecution claim requires him to plead that his criminal conviction was invalidated, and that there was no probable cause to arrest him, and he has not pled facts to support either element.  Any false arrest claim fails for similar reasons, and is barred by the two-year statute of limitations.  Gutierrez's ineffective assistance claim was also filed too late and is barred by the statute of limitations.  Further, even if this claim was timely, it would fail because Burchinal, as court-appointed defense counsel, does not act under color of state law.

## A.      Challenging the validity of a state criminal judgment

By asking this Court to agree that Defendants violated his constitutional rights while investigating his criminal case or acting as his defense counsel, Gutierrez is, in essence, challenging the validity of his conviction.  *See Barnette v. Cantalamessa*, No. 4:21-cv-339, 2021 WL 5040466, at *3 (N.D. Ohio Oct. 29, 2021) (citing *Holland v. Cty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. March 17, 2017)) ("if Plaintiff were to prevail on his purported malicious prosecution claim, the validity of his state conviction would be called into question"); *Hann v. Michigan*, No. 05-cv-71347, 2006 WL 1698967, at *4 (E.D. Mich. June 14, 2006) (quoting *Harvey v. Chow,* No. Civ.A. 05-3430, 2005 WL 1703210, *3 (D.N.J. July 20, 2005) ("a finding that Plaintiff's current imprisonment is a result of ineffective assistance of counsel which would necessarily imply the invalidity of his imprisonment").

A federal-court challenge to the validity of state criminal conviction and sentence must be raised in a petition for a writ of habeas corpus.  *Hill v. McDonough*, 547 U.S. 573, 579 (2006).

The Supreme Court of the United States has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).  But Gutierrez has not sought (and cannot seek) such relief in this civil rights action.[2]

"In *Heck,* the Supreme Court held that a plaintiff could not bring a § 1983 action if a favorable judgment 'would necessarily imply the invalidity of his conviction or sentence; if [so], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated' by executive order, reversal on direct appeal, or writ of habeas corpus." *Harper v. Jackson*, 293 F. App'x 389, 391 (6th Cir. 2008) (citing *Heck*, 512 U.S. at 487); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (absent prior invalidation of a criminal conviction, "a state prisoner's § 1983 action is barred . . . —no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

---

[2] As noted above, Gutierrez filed a civil complaint under 42 U.S.C. § 1983, not a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Complaint, Doc. 1-1; Civil Cover Sheet, Doc. 1-2).  *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court (describing the form and requirements for such a Petition).  Had he explicitly asked for a writ of habeas corpus in his Complaint, his request would be subject to dismissal.  *See Nelson,* 541 U.S. 637 at 643 (challenges to the fact of conviction "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983").

Had Gutierrez filed a proper habeas corpus petition under § 2254 with these claims, he would face an additional set of hurdles, as he has already sought, and been denied, habeas corpus relief.  *See Gutierrez v. Warden, Belmont Corr. Inst.*, No. 2:17-cv-1119, 2019 WL 1454803 (S.D. Ohio Apr. 2, 2019) (relief denied on the merits), *cert. of appeal. denied sub nom. Gutierrez v. Gray*, No. 19-3514, 2019 WL 6445420, at *1 (6th Cir. Oct. 23, 2019).  "Federal law generally gives habeas petitioners one shot to pursue their claims in federal court."  *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).  "But after that, the road gets rockier.  To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements."  *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing 28 U.S.C. § 2244(b)(3)(C)).  Any "second or successive" petition here would require the authorization of the United States Court of Appeals for the Sixth Circuit.  Had Gutierrez filed such a petition here, this Court would lack jurisdiction to consider it.  *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631.

As noted above, success on Gutierrez's malicious prosecution and ineffective assistance of counsel claims would necessarily imply the invalidity of his conviction.  *See Barnette*, 2021 WL 5040466, at *3 ("if Plaintiff were to prevail on his purported malicious prosecution claim, the validity of his state conviction would be called into question," thus claim was barred by *Heck*); *Hann*, 2006 WL 1698967, at *4 ("a finding that Plaintiff's current imprisonment is a result of ineffective assistance of counsel . . . would necessarily imply the invalidity of his imprisonment"); *Scott v. Rhodes*, No. 1:16-cv-392, 2017 WL 361067, at *3 (E.D. Tenn. Jan. 25, 2017) ("Because ineffective assistance of counsel claims 'indirectly challenge[s] the validity of [a prisoner's] confinement and sentence,' the *Heck* bar prevents a prisoner from pursuing such claims pursuant to 42 U.S.C. § 1983") (quoting *Hudson v. Smith*, 2011 WL 161769, at 2 (M.D. Tenn. Jan. 19, 2011).  The same is true for the suggestion that Burchinal conspired with the judge and prosecutor.  (Complaint, PageID 11).  *See Hann,* 2006 WL 1698967, at *4 ("The claim that defendants [prosecutor, defense counsel, court officer, and court reporter] conspired to procure Rodriguez's conviction by unconstitutional means, and to cover up their actions, essentially challenges the validity of the underlying conviction.") (quoting *Rodriguez v. Carhart*, No. 95-1345, 1996 WL 7966 (1st Cir. Jan. 10, 1996)); *see also Monroe v. Rubenstein*, No. 1:11-cv-325, 2012 WL 831844, at *1 (S.D. Ohio Mar. 12, 2012), *aff'd,* No. 12-3368 (Nov. 8, 2012) ("Plaintiff's conspiracy claim [between his defense attorneys and the police] is merely a disguised ineffective assistance of counsel claim that would necessarily imply the invalidity of Plaintiff's conviction.").

The *Heck* doctrine therefore applies to these claims, and they are barred unless Gutierrez has pled and can show that his convictions were previously invalidated.  *Heck*, 512 U.S. at 487.  There is no such allegation in the Complaint.  Indeed, Gutierrez's previous cases suggest that his

convictions were challenged and yet stand. *See State v. Gutierrez,* 2017-Ohio-1147, 87 N.E.3d 812 (5th Dist.) (in an interlocutory appeal, rejecting his argument that he could not be prosecuted for the conduct underlying his state indictment because it was part of his federal conviction and sentence); *State v. Gutierrez,* 5th Dist. Delaware No. 18 CAA 03 029 (Mar. 26, 2020) (Judgment Entry refusing to re-open the dismissed direct appeal of his conviction);[3] *State v. Gutierrez,* Delaware C.P. No. 18 CR I 01 0046 (Apr. 5, 2022) (Judgment Entry denying his second post-conviction petition); *Gutierrez v. Warden, Belmont Corr. Inst.,* No. 2:17-cv-1119, 2019 WL 1454803 (S.D. Ohio Apr. 2, 2019) (habeas corpus relief denied on the merits), *cert. of appeal. denied sub nom. Gutierrez v. Gray,* No. 19-3514, 2019 WL 6445420, at *1 (6th Cir. Oct. 23, 2019); *State ex rel. Gutierrez v. Warden, Belmont Corr. Inst.,* 10th Dist. Franklin No. 20AP-384, 2021-Ohio-957 (Mar. 25, 2021) (dismissing state habeas corpus petition); *Gutierrez v. Warden, Belmont Corr. Inst.,* 7th Dist. Belmont No. 20BE0024, 2021-Ohio-4629 (Nov. 19, 2021) (dismissing state habeas corpus petition). This Court may take judicial notice of these court records that are available online to members of the public. *See Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Because he has not alleged that his convictions have been invalidated, Gutierrez's claims seeking to undermine those convictions are barred by the *Heck* doctrine and should be dismissed.

---

[3] The Delaware County, Ohio case records are available by name or case number search at https://court.co.delaware. oh.us/eservices/home.page.2 (accessed June 13, 2022).

### B.     The claim(s) against Detective Wade

Gutierrez's failure (or inability) to plead that his convictions were invalidated adversely affects his malicious prosecution claim.  "One of the elements that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."  *Barnette*, 2021 WL 5040466, at *3 (citing *Heck*, 512 U.S. at 484).  As noted, there is no allegation in the Complaint that Gutierrez's criminal conviction and sentence have been terminated in his favor.  Because he did not allege a required element of a malicious prosecution claim, he has failed to state a claim against Detective Ward.  *See Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)) (a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory").

In the section of his Complaint concerning Detective Ward, Gutierrez includes a brief statement alleging that he was arrested without a warrant on September 27, 2012, but was not officially charged in Delaware County until October 5, 2012.  (Complaint, PageID 29).  He asserts he was held in jail for eight days without a warrant, a criminal complaint, a probable cause determination, or seeing a judge.  (*Id*.).  Gutierrez may have included these allegations as part of his malicious prosecution claim, or he may be attempting to raise a separate false arrest or other Fourth Amendment claim.  *See Weser v. Goodson,* 965 F.3d 507, 513 (6th Cir. 2020) ("claims for false arrest and malicious prosecution are both constitutionally cognizable and both arise under the Fourth Amendment."); *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)) ("The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.'").  In either case, the allegations are insufficient to state a claim.

Before addressing their substance, the Undersigned first notes that Gutierrez does not allege that it was *Detective Ward* who arrested him in 2012. (*See* Complaint, PageID 29 (asserting only that "the police" arrested him)). If someone else arrested Gutierrez and he is attempting to raise a claim against that person—who is not named as a defendant in this case–those claims should be dismissed. To the extent the pro se Complaint could be liberally construed as asserting that Detective Ward arrested Gutierrez, the following analysis applies.

According to the documents attached to the Complaint, September 27, 2012 is the date on which Gutierrez was alleged to have retrieved a package of cocaine in Delaware County. (Complaint, PageID 33 (letter from federal defense counsel); PageID 31 (letter from federal prosecutor's office)). Gutierrez pled guilty to this conduct in the 2018 Delaware County case. (*Id.*). *See also Gutierrez v. Warden, Belmont Corr. Inst.*, No. 2:17-cv-1119, 2019 WL 295500, at *1 (S.D. Ohio Jan. 23, 2019). A state court search warrant, signed by a judge and file-stamped on September 27, 2012, authorized the search of an address in Delaware County where the package was apparently recovered. (*Compare* Complaint, PageID 30 (search warrant); PageID 40 (Department of Homeland Security Custody Receipt for Seized Property and Evidence); PageID 41 (Delaware County Sheriff's Office Property Inventory)). Photographs of a person, perhaps Gutierrez, are also provided, appearing to show him in handcuffs and time-stamped "09 27 2012 14:30." (Complaint, PageID 46).

This evidence suggests that Gutierrez was arrested when a search warrant was executed, and a quantity of drugs were found. Although an *arrest* warrant was apparently not obtained for Gutierrez, that single fact does not state a claim under the Fourth Amendment, because "[t]he Fourth Amendment prohibits 'unreasonable searches and seizures,' not warrantless ones." *Graves v. Mahoning Cnty.*, 821 F.3d 772, 775 (6th Cir. 2016) (citing *Brigham City v. Stuart*, 547

12

U.S. 398, 403 (2006). In other words, an arrest without a warrant does not, by itself, violate the Fourth Amendment.

The relevant inquiry is whether an arrest was made without probable cause. To state either a malicious prosecution or false arrest claim, Gutierrez must plead that the arresting officer lacked probable cause to arrest him. *Weser*, 965 F.3d at 513 ("'A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff.' Similarly, one of the elements of a federal malicious-prosecution claim . . . is that a plaintiff must show 'that the officers helped start a prosecution against him without probable cause.'") (internal citations and quotations omitted). "For probable cause to exist for an arrest, the 'facts and circumstances within the officer's knowledge [must be] sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense.'" *Weser*, 965 F.3d at 513-14 (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003)). This is "not a 'high bar.'" *Lester v. Roberts*, 986 F.3d 599, 608 (6th Cir. 2021) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)).

Here, Gutierrez notably does not allege that Detective Ward lacked probable cause to arrest him on September 27, 2012. (Complaint, PageID 29). Gutierrez's argument instead appears to be that his resultant criminal prosecution was "not based upon actual evidence" because the search warrant was under seal, or because the Department of Homeland Security initially took custody of the drug evidence before turning it over to Ohio authorities. (*Id.*). These allegations about the chain of custody or the strength and admissibility of evidence, however, are not equivalent to an allegation that Detective Wade did not have probable cause to arrest Gutierrez when he "retriev[ed] a parcel of cocaine in Delaware County, Ohio on

September 27, 2012." (Complaint, PageID 33 (letter from federal defense counsel)). *See generally Everson v. Leis*, 556 F.3d 484, 498-99 (6th Cir. 2009) (quoting *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008)) ("A finding of probable cause does not require evidence that is completely convincing or even evidence that would be admissible at trial; all that is required is that the evidence be sufficient to lead a reasonable officer to conclude that the arrestee has committed or is committing a crime."); *Lester,* 986 F.3d at 608 (probable cause "does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction beyond a reasonable doubt. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.") (cleaned up).

No allegations about the arresting officer's probable cause are made in the Complaint.[4] And, although the Court will liberally construe the Complaint, this omission of this allegation and facts to support it—a necessary element of a malicious prosecution and a false arrest claim— cannot be ignored. Gutierrez has simply not alleged "enough facts to state a claim to relief that is plausible on its face" with respect to his warrantless arrest.[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These two claims therefore should not proceed. *See Graves*, 821 F.3d at 776 (where § 1983 plaintiffs "never allege that they were arrested without probable cause . . .

---

[4] The Complaint does, however, provide evidence that a grand jury indicted Gutierrez, twice, for his actions on September 27, 2012. (Complaint, PageID 32, 43, 45). *See generally Lester v. Roberts*, 986 F.3d 599, 608 (6th Cir. 2021) (noting that "[t]he judiciary's respect for the grand jury has led courts to hold that the grand jury's finding creates a presumption of probable cause in later proceedings under § 1983.").

[5] There is also no allegation that Gutierrez was arrested inside his own home. *See generally Denton v. Rievley*, 353 F. App'x 1, 4 (6th Cir. 2009) (internal citations omitted) ("While a warrantless felony . . . arrest in a public place does not violate the Fourth Amendment, a "firm line" has been drawn at the entrance to the home."). The Complaint and its attachments suggest he was not. (Complaint, PageID 30 (Search Warrant seeking the search of the "residence, outbuilding and curtilage of" other named individuals); PageID 40 (Custody Receipt indicating that drugs were seized from one of those named individuals); PageID 29 (where Gutierrez alleges that this named individual signed for the package at issue and had possession of it)).

they have not alleged a violation of their rights" and the district court correctly dismissed the case).

Finally, with respect to Gutierrez's allegation that he was held after his arrest for eight days before being indicted (Complaint, PageID 29), the Undersigned notes that this allegation is insufficient to save the malicious prosecution or false arrest claim, which should be dismissed for the several reasons articulated above. This allegation also fails to state an independent Fourth Amendment violation under these circumstances for a different reason: because it is barred by the statute of limitations.

It is true that, "[a]s a matter of procedure, the Fourth Amendment prohibits extended pretrial detentions unless a *neutral decisionmaker* finds that probable cause exists." *Lester*, 986 F.3d at 607 (emphasis in original). "If officers have arrested an individual without a warrant, they generally must take the individual before a magistrate within 48 hours." *Id.* at 608 (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)). But the detention described in the Complaint occurred almost a decade ago. Gutierrez provides some details:

> I was charged on October 5, 2012 but I was arrested without a warrant on September 27, 2012. I was then held in Delaware County Jail for 8 days without a probable cause hearing, and a arrest warrent or a criminal complaint. I never saw a Magistrate Court to determine the existing circumstances that allowed the police to arrest me without a warrent.

(Complaint, PageID 29).

The statute of limitations, or time limit, for bringing a § 1983 action is the state's general statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 236 (1989). In Ohio, this statute of limitations is two years from when the claim accrued. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022). Generally, a 1983 claim "accrue[s] when the

plaintiff knows or has reason to know of the injury which is the basis of his action." *Harris*, 2022 WL 866815, at *5 (citing *Cooey*, 479 F.3d at 416). For a false arrest claim, i.e., a claim that a person was arrested without probable cause, the claim accrues and the limitations period begins to run on either the date of the arrest, or the date on which legal process was finally initiated. *Struckman v. Vill. of Lockland Police*, No. 1:17-cv-828, 2018 WL 4635981, at *3 (S.D. Ohio Sept. 27, 2018), *report and recommendation adopted*, 2018 WL 6069092 (S.D. Ohio Nov. 20, 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). This means that Gutierrez's claim in this respect (however labelled[6]) accrued at the latest on October 5, 2012, when the grand jury indicted him. (*See* Complaint, PageID 29, 43). The statute of limitations expired on that claim two years later, in October 2014.

Gutierrez signed his Complaint on April 18, 2022. (Complaint, PageID 48). Under the "prison mailbox rule," and in the absence of evidence to the contrary, the Complaint is considered filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under this relaxed filing standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. . . . Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint."). The Complaint was received by the Clerk and filed on the docket on April 25, 2022. Accordingly, because Gutierrez's Complaint was filed more than two years after these claims against Detective Ward accrued, they are barred by the statute of limitations.

For these additional reasons, Gutierrez's claims against Detective Ward fail to state a claim on which relief may be granted and should be dismissed.

---

[6] A malicious prosecution claim "accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019). Because that does not appear to have happened, the malicious prosecution claim is not time-barred (although it should still be dismissed as discussed above). But any false arrest or other Fourth Amendment claim based on this particular allegation is time-barred.

16

C.     **The claim(s) against Former Attorney Burchinal**

The ineffective assistance of counsel claim against Burchinal arises from his

representation (or lack thereof) in the Delaware County trial and appellate courts in 2017-2018.

(Complaint, PageID 11, 48).  Burchinal Decision, ¶¶ 19-20.  As discussed above, this claim is

barred by the *Heck* doctrine.  *See* Section III.A.  It cannot succeed for two additional reasons:

because it is also barred by the statute of limitations, and because Burchinal is not a "state actor"

that can be sued under § 1983.

Gutierrez was sentenced in the first half of 2018, and his direct appeal was dismissed on

July 2, 2018.  Burchinal Decision, ¶ 19.  Most of Gutierrez's allegations in the Complaint

concern the trial phase proceedings; the last-in-time allegations concern Burchinal's false

statements in September 2018 and shortly thereafter about the status of Gutierrez's appeal.

(Complaint, PageID 11).  Burchinal Decision, ¶ 20.  Gutierrez says that he "accused Burchinal

directly" through the disciplinary proceedings "and it resulted in" the Burchinal Decision.

(Complaint, PageID 11 (citing case by name and number)).

According to the Burchinal Decision, "the Relator, disciplinary counsel, filed the

underlying complaint against Burchinal in October 2018 and amended it in January 2019."

Burchinal Decision, ¶ 2.  A second amended Complaint was filed on March 17, 2020.  *Id*., ¶ 3.

Thus, construing the Complaint liberally in his favor, Gutierrez knew about Burchinal's actions

(and inactions) by at least March 17, 2020 when Ohio Disciplinary Counsel presented them to

the Board of Professional Conduct.[7]  *Id*.  Gutierrez signed his Complaint more than two years

---

[7] Gutierrez may have known about these acts earlier than March 2020; the Burchinal Decision describes events occurring in 2018. New counsel appeared for Gutierrez in September 2019 in his closed direct appeal and eventually attempted to reopen it based on Burchinal's failures.  *See State v. Gutierrez*, 5th Dist. Delaware No. 18 CAA 03 029 (Notice of Appearance filed Sep. 27, 2019; Motion for Reopening Appeal filed Mar. 3, 2020).  The Undersigned, for purposes of this initial screen, will use the documents attached to the Complaint to identify when the claim accrued.

later, on April 18, 2022.  (Complaint, PageID 48).  His ineffective assistance claim was therefore filed too late and is barred by the two-year statute of limitations for § 1983 claims.

In addition, Burchinal is not a "state actor" against whom a § 1983 claim can proceed. As discussed above, to state a claim under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by *a person acting under color of state law*."  *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010) (emphasis added).  "It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983"; that is, they are not "a person acting under color of state law."  *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)); *see also Whisnant v. Stokes*, No. 1:08-cv-229, 2008 WL 4763853, at *5 (E.D. Tenn. Oct. 28, 2008) (and the cases cited therein) ("courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law.").

There are some narrow exceptions to this rule.  For example, "[a] person may be a state actor if he or she 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'"  *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at *4 (E.D. Mich. Sept. 23, 2021) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  "But without some plausible and specific factual showing that the person acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a 'state actor' and is not subject to suit under 42 U.S.C. § 1983."  *Ayers*, 2021 WL 4316853, at *4 (citing *Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004)).  Simply alleging "that his court-appointed attorneys conspired with the trial judge to

deprive him of a fair trial" without pleading any facts to support the conclusionary label is insufficient.  *Ayers*, 2021 WL 4316853, at *5.

That is the claim here.  Gutierrez say that he told the state trial court judge about Burchinal's actions (negotiating with the prosecutor for a nine-year sentence without Gutierrez's knowledge) and the judge "told me he was a good lawyer even when [the Judge] knew that Burchinal lost his license previously[8] and [about] the behavior of this lawyer (In my eyes this is Conspiracy between Judge, Prosecutor, and attorney)."  (Complaint, PageID 11).  Without additional facts to support Gutierrez's impression that there was a conspiracy, these conclusory allegations are insufficient to state a § 1983 claim against Burchinal as a "state actor."

Finally, the Complaint could be construed to include claims for legal malpractice.  The Undersigned understands Gutierrez's frustration with the legal representation provided to him (or not provided to him) by Burchinal.[9]  However, legal malpractice claims are a state, rather than a

---

[8] Burchinal was permanently disbarred in 2021. Burchinal Decision, ¶ 47.  He had previously been sanctioned by the Supreme Court of Ohio:

> "In August 2012, we suspended him from the practice of law for two years with 18 months stayed on conditions for misappropriating client funds in three matters and missing the statute-of-limitations deadline in a fourth client matter and then deceiving the clients in the fourth matter for two years, telling them that he was still negotiating with the insurance company. *Disciplinary Counsel v. Burchinal*, 133 Ohio St.3d 38, 2012-Ohio-3882, 975 N.E.2d 960. We have twice suspended him, albeit briefly, for his failure to timely register as an attorney. *See In re Attorney-Registration Suspension of Burchinal*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671, and 157 Ohio St.3d 1472, 2019-Ohio-4529, 134 N.E.3d 183."

Burchinal Decision, ¶ 1.

[9] It appears that the crux of Gutierrez's frustration concerns his understanding "that the Ohio state prosecutor would move to dismiss the Ohio charges after Mr. Gutierrez was sentenced federally.  This understanding is reflected in the [federal] PSR."  (Complaint, PageID  33 (letter from federal defense counsel to N.Y.E.D. Judge Kuntz)). Obviously, the Ohio charges were not dropped, and Gutierrez is serving a ten-year sentence on them.  To the extent that Gutierrez would seek to raise a Fifth Amendment claim—against an appropriate defendant–based on the federal and state prosecution based on the same acts, this Court has already rejected such a claim.  *See Gutierrez v. Warden, Belmont Corr. Inst.*, No. 2:17-cv-1119, 2019 WL 1454803, at *1 (S.D. Ohio Apr. 2, 2019) (Smith, J.) ("the Double Jeopardy Clause does not bar his successive prosecutions by the State and federal government for crimes arising out of the same acts.").  The Sixth Circuit agreed.  *See Gutierrez v. Gray*, No. 19-3514, 2019 WL 6445420, at *3 (6th Cir. Oct. 23, 2019) ("such a claim was meritless").

federal matter. *Tillman,* 2015 WL 4247786, at *2 ("claims of legal malpractice . . . arise solely under state law" and are not redressable under § 1983). "The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances." *Id*. (citing *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993) and other cases); *White*, 9 F. App'x at 420 (citing *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). Accordingly, the extent that Gutierrez has raised a legal malpractice claim against Burchinal, it should be dismissed without prejudice.

## IV.    Conclusion

The undersigned Magistrate Judge, having conducted the initial screening of Plaintiff Gutierrez's Complaint as required by law, **THEREFORE RECOMMENDS THAT**:

1.      The Court **DISMISS** Plaintiff Gutierrez's Complaint (Doc. 1-1) in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

2.      The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## V.    Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The

Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


June 17, 2022                                        */s/ Caroline H. Gentry*
                                                     CAROLINE H. GENTRY
                                                     UNITED STATES MAGISTRATE JUDGE