**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR GUTIERREZ, | : | Case No. 2:22-cv-02039 |
| Plaintiff, | : | |
| | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| CHRISTOPHER J. BURCHINAL, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding without the assistance of counsel, filed this civil rights action against a state police detective and the attorney appointed to represent him on state criminal charges. In a Report and Recommendation dated June 17, 2022, the undersigned magistrate judge recommended that the complaint be dismissed in its entirety. (Doc. 4.) The June 17, 2022 Report and Recommendation is currently pending before the district judge.

Plaintiff subsequently filed a one-paragraph Motion to Amend Complaint. (Doc. 6.) He asserted that he sought to amend his complaint "so that the claim for relief pertaining to Officer Shawn Wade can be removed and any filing deficiencies can be cured." (*Id*., PageID 129.) He did not, however, attach a copy of the proposed amended complaint. The undersigned magistrate judge therefore recommended that Plaintiff's Motion to Amend Complaint be denied. (Doc. 8.)

1

In response, Plaintiff submitted a Motion to Amend/Correct Complaint that attached a proposed amended complaint. (Doc. 9.) Plaintiff again stated that the intent of his proposed amendment is to dismiss his claim against Defendant Wade. (*Id*., PageID 140.) Consistent with this assertion, Plaintiff's revised complaint omits Defendant Wade's name from its caption. (*Id*., PageID 143.)

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss a defendant voluntarily, without leave of Court, at any time before that defendant files an answer or motion for summary judgment. Here, Detective Wade has not filed any responsive document because he has not been served. Therefore, it is appropriate to construe the Motion to Amend/Correct Complaint as a notice of voluntary dismissal and to permit Plaintiff to dismiss his claim against Defendant Wade.

The undersigned notes that if the district judge were to agree and grant Plaintiff's Motion to Amend/Correct Complaint (Doc. 9), then the portion of the Report and Recommendation (Doc. 4) that addresses Plaintiff's claim against Defendant Wade would be moot. The district judge would only need to consider the portion of the Report and Recommendation that addresses Plaintiff's claim against Defendant Burchinal.

**IT IS THEREFORE RECOMMENDED THAT** (1) Plaintiff's Motion to Amend/Correct Complaint (Doc. 9) be **GRANTED**, and (2) the Report and Recommendation of June 17, 2022 (Doc. 4) be **ADOPTED** with respect to Plaintiff's claim against Defendant Burchinal and **OVERRULED AS MOOT** with respect to Plaintiff's claim against Defendant Wade.

2

Procedure on Objections

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).


 */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge