IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OMAR GUTIERREZ, | : |
| Plaintiff, | : |
| v. | : Case No. 2:22-cv-02039 |
| | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Caroline H. Gentry |
| CHRISTOPHER J. BURCHINAL, *et al.*, | : |
| Defendants. | : |

## OPINION & ORDER

This matter comes before this Court on: (1) the Magistrate Judge's June 17, 2022 (ECF No. 4), October 6, 2022 (ECF No. 8), and January 3, 2023 (ECF No. 10) Report and Recommendations ("R&Rs"); and (2) Plaintiff's Motions to Amend Complaint (ECF Nos. 6; 9).

For the following reasons, Gutierrez's objections are **OVERRULED**. (ECF No. 7). Gutierrez's first Motion to Amend Complaint (ECF No. 6) is **DENIED**. Gutierrez's second Motion to Amend Complaint (ECF No. 9) is **GRANTED**. The Magistrate Judge's First R&R is **ADOPTED WITH MODIFICATIONS in part** with respect to Defendant Burchinal and **REJECTED AS MOOT in part** with respect to Defendant Wade. (ECF No. 4). Accordingly, Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint to address the factual deficiencies in his arguments related to the tolling of the statute of limitations and the state actor doctrine as it applies to Defendant Burchinal. The Second R&R is **OVERRULED AS MOOT** (ECF No. 8), and the Third R&R is **ADOPTED WITH MODIFICATIONS**. (ECF No. 10).

### I. BACKGROUND

Plaintiff Omar Gutierrez, proceeding *pro se*, is an Ohio prisoner at Belmont Correctional Institution. (ECF No. 3 at 1). Gutierrez names two defendants in his original complaint. (*Id.*).

1

Defendant Christopher Burchinal was Gutierrez's court-appointed defense attorney in a criminal case, and as of March 17, 2021, is permanently disbarred. (*Id.* at 7, 22, 39). Gutierrez alleges Defendant Burchinal, violated Gutierrez's right to effective assistance of counsel, including lying, manipulation, and engaging in a conspiracy with the presiding judge and state prosecutor. (*Id.* at 5). Defendant Shawn Wade, a state detective on the Delaware County Task Force, worked the relevant case. (*Id.* at 41). Gutierrez alleges that Detective Wade engaged in a deceitful investigation, wrongfully obtained a sealed search warrant, acted beyond his jurisdiction, and wrongly arrested Gutierrez thereby "initiat[ing] an unlawful prosecution" against him. (*Id.* at 23).

On June 17, 2022, the Magistrate Judge granted Gutierrez leave to proceed *in forma pauperis*. (ECF No. 2). Gutierrez filed his Complaint the same day. (ECF No. 3). The Magistrate Judge conducted an initial screening prior to the issuance of the June 17, 2022 R&R. (ECF No. 4). This first R&R found that Gutierrez's Complaint failed to state a viable claim because neither defendant could be held liable under the state actor doctrine, thus Gutierrez's Complaint should be dismissed. (*Id.*).

Gutierrez moved to Amend the Complaint but failed to attach the proposed Amended Complaint (ECF No. 6); thus, the second R&R, issued on October 2, 2022, recommended the Motion to Amend Complaint should be denied. (ECF No. 8). Fifteen days thereafter, Gutierrez filed a second Motion to Amend and included the proposed Amended Complaint, which sought to voluntarily dismiss Defendant Wade. (ECF No. 9). On January 3, 2023, the Magistrate Judge issued her third R&R recommending Gutierrez's properly filed Motion for Amended Complaint be granted, and the first R&R should be adopted with respect to Burchinal and overruled as moot with respect to Plaintiff's claim against Detective Wade. (ECF No. 10 at 2).

2

Additionally, Gutierrez filed Objections to the first R&R. (ECF. No. 7). Gutierrez argues that his § 1983 claim is not time barred because he needed the March 17, 2021 Disciplinary Counsel decision finding that Defendant Burchinal provided ineffective assistance of counsel to file this suit. (*Id.*) Second, Gutierrez contends that Defendant Burchinal is a state actor because Burchinal was appointed to represent Gutierrez "by the State of Ohio." (*Id.*). The third and fifth objections provide that this suit is Gutierrez's way of obtaining recompense against Defendant Burchinal's for his "complete[] abandon[ment] [of] Gutierrez" at the appellate stage of Gutierrez's state criminal case. (*Id.*). Finally, Gutierrez provides that the Magistrate Judge misconstrued Gutierrez's intent in filing this suit. (*Id.*).

## II. STANDARD OF REVIEW

When a party timely objects to the magistrate judge's proposed findings and recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b). A party waives the right to *de novo* review by the district court if a party fails to object timely. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Waiver does not, however, "preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious."

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The onus is on the objecting party "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted). When a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In actions brought by "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," the Court must dismiss any complaint, or portion thereof, that is "frivolous, malicious, fails to state a claim . . . [or] seeks monetary relief from a defendant who is immune to such relief" in its initial screening. 28 U.S.C. § 1915A(a)–(b). This Court assesses whether a plaintiff has stated a claim under § 1915A under the same framework as the Rule 12(b)(6) dismissal standard outlined in *Ashcroft v. Iqbal*, 556 U.S 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)—that is, to survive the initial screening, a prisoner's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 570–71 (6th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). And though the court "need not accept as true a legal conclusion couched as a factual allegation," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *In re Travel*

4

*Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).

Finally, allegations in a *pro se* complaint are subject to "'less stringent standards than formal pleadings drafted by lawyers,' and therefore should be liberally construed," *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)), but even "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (internal citations omitted).

### III. ANALYSIS

Mr. Gutierrez's potential success at the pleading stage depends on the exceptions to Ohio's two-year statute of limitations and 42 U.S.C. § 1983's state actor doctrine. Although Mr. Gutierrez heeded the Magistrate Judge's R&R (ECF No. 4), his proposed second Amended Complaint (ECF No. 9) remains inadequate for two reasons. First, Gutierrez has not alleged sufficient facts for this Court to find his Complaint timely. Second, Gutierrez failed to allege sufficient facts to demonstrate how ex-attorney Defendant Burchinal became cloaked with the state's power or engaged in a conspiracy with a state actor that would bring Mr. Burchinal within the conspiracy exception of the state actor doctrine.

### A. Statute of Limitations

Federal courts considering a § 1983 claim look to the most analogous state's tort law statute of limitation to determine the cause of action accrual period. *Jackson v. City of Cleveland*, 586 F. Supp. 3d 737, 753 (N.D. Ohio 2022) (citing *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). In Ohio, the applicable statute of limitations is two years. *Wells v. Jefferson Co. Sheriff Dept.*, 35 F. App'x 142, 143 (6th Cir. 2002). The Sixth Circuit, however, provides that "accru[al] [begins] when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Id.* at

143. When determining whether to toll the accrual period, a court may look to the federally recognized exceptions. *Owner Operator Indep. Drivers Ass'n v. Comerica Bank*, 540 F. Supp. 2d 925, 932 (S.D. Ohio 2008) (Marbley, J.).

The doctrine of discovery is a recognized exception to the statute of limitations. *Id.* This Court previously held that, "[f]or a party to avail itself of the discovery rule, it must affirmatively plead facts alleging the circumstances surrounding the discovery of its claim, including facts showing that the party acted diligently to ascertain the nature of the claim." *Id.* at 929. This doctrine tolls accrual until a plaintiff discovered or should have discovered their injury. *Id.* at 932. A plaintiff, however, may know they have been injured without knowing all the wrongdoers' identities. *Id.* at 933. Nonetheless, a plaintiff must engage in "the natural and reasonable course of action when they discovered" their injury or have reason to believe they were injured. *Id.*

In *Owner Operator Indep. Drivers Ass'n*, this Court found that the statute of limitations was tolled until the plaintiffs discovered their actual injury and that, as a result, plaintiffs' claims were filed timely. *Id.* at 928, 933. There, plaintiffs had maintenance funds for their work equipment "withheld from their compensation" and placed in an escrow account, but their employer never disclosed until "testimony was given" during litigation proceedings "where or how the fee[s] were maintained." *Id.* at 928. This was contrary to what was previously disclosed to the plaintiffs by their employer. *Id.* Only after that testimony did the plaintiffs learn of the newly disclosed information, and had sufficient facts to "move[] to amend the[ir] complaint a second time" to illustrate to this Court how and why their claims were filed timely. *Id.*

The doctrine of equitable tolling is another, although scarcely used, exception to the statute of limitations. *Antioch Co. Litig. Trust v. Morgan*, 456 B.R. 791, 851 (Bankr. S.D. Ohio 2011) (hereinafter "*In re Anticoch Co.*"). Equitable tolling is distinguishable from the discovery doctrine

because the plaintiff may know of the injury, but due to a specific or "particular circumstance" the plaintiff has a recognizable "incapacitating or disabling condition" that prevented them from filing within the statutory period. *Id.* at 852. A court can apply the doctrine of equitable tolling only if the plaintiff has alleged facts sufficient to demonstrate the disabling condition. *Id.* at 855. Moreover, the purpose of equitable tolling is "to avoid the inequitable use of the statute of limitations." *Id.* at 851 (citing *Wuliger v. Star Bank*, No. 3:02-CV-1513, 2008 WL 2323887, at *4 (N.D. Ohio June 4, 2008)).

Equitable tolling principles, in relevant part, include "equitable estoppel, . . . the termination rule,[1] . . . and general equitable tolling principles." *Id.* at 851. Plaintiffs in *In re Antioch Co.*, plead facts that "contain[ed] elements of many . . . equitable tolling principles." *Id.* at 852. For example: (1) "significant conflicts of interest" between the parties; (2) the injuring party eliminating the injured party from discussions and the course of business when the injured party did not comply with the injuring party's wishes to "assur[e] their control;" and (3) the injuring party's "nondisclosure, concealment, and misleading statements made to the [injured party]." *Id.* at 854. Even though the injured party knew of the harm, they were unable to act earlier than they did because the injuring party took steps to eliminate the injured party's involvement—thus preventing them from learning the facts needed to support their claims. *Id.* at 855.

Mere "incarceration nor . . . indigence" without more is insufficient to excuse untimeliness under both doctrines, but these may be factored into a court's review if sufficient facts are pleaded. *Magee v. Union Twp. Police Dep't*, No. 1:21-CV-22, 2022 WL 831318, at *3 (S.D. Ohio Mar. 21, 2022). In *Magee*, the incarcerated plaintiff proceeded without counsel for his civil rights claim but

---

[1] This is not a legal malpractice case, but a plaintiff alleging relevant elements of the termination rule can support general equitable tolling principles. *In re Antioch Co.*, 456 B.R. at 851 n. 29.

failed to allege how the "[correctional institution's] . . . 'complete lockdown'" prevented him from filing his complaint within the statutory period. *Id.* Furthermore, during the two-year statute of limitations period, plaintiff had legal representation, yet failed to utilize his attorney or explain why his trial and appellate attorney could not provide the necessary support. *Id.*

Gutierrez failed to allege facts in his Complaint and Amended Complaint that warrant this Court finding that either the doctrine of discovery or equitable tolling are applicable in this case. This is not to say that these doctrines do not apply, only that relevant and pertinent facts are missing.

### B. Section 1983 Applies Only to Individuals Acting Under Color of State Law

Neither named defendant, at this time, may be subjected to this civil rights suit. There is a two-part test for determining whether § 1983 claims are pleaded sufficiently: "a plaintiff must allege both a deprivation of a federal right *and* that the alleged deprivation was committed by a person acting under color of state law." *Doe v. Steubenville Police Dep't*, No. 2:16-CV-625, 2017 WL 1551221, at *4 (S.D. Ohio May 1, 2017) (Marbley, J.) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The second prong refers to the defendant being a state actor. *Id.* A public official is a state actor when they act in pursuit of fulfilling their "governmental duties or [are] cloaked in the [state's] authority," including when their "actions are controlled by the government." *Lindke v. Freed*, 37 F.4th 1199, 1203 (6th Cir. 2022).

Defense counsel, whether publicly appointed or privately hired, are not state actors. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). A private court-appointed defense attorney is not a state actor because he or she is not cloaked with the state's authority nor does the government control his or her actions. *Lindke*, 37 F.4th at 1203. Moreover, a "defense lawyer characteristically opposes the designated representatives of the State," such as prosecutors. *Polk Cnty*, 454 U.S. at

318. For example, defense attorneys routinely "enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments [o]n behalf of defendants," all of which further their client's interest and are averse to the State. *Id.* at 318–20. Private court-appointed defense counsel and public defenders, however, can be subjected to a civil rights suit if they have engaged in a conspiracy with a state actor. *Doe*, 2017 WL 1551221, at *4. This Court previously explained in *Doe* that the following is required to prove a civil conspiracy where a plaintiff alleges that a private party acted under color of law for § 1983 purposes:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

2017 WL 1551221, at *4 (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)); *accord Revis v. Meldrum*, 489 F.3d 273, 290–91 (6th Cir. 2007) (establishing elements of civil conspiracy giving rise to § 1983 liability for private persons).

This Court has previously held that a civil conspiracy was appropriately pleaded, and a private party was subject to a civil rights suit where the "complaint explicitly detail[ed] the alleged conspiracy, expressly label[ed] [the] co-conspirators, and contain[ed] a stand-alone count for civil conspiracy." *Doe*, 2017 WL 1551221, at *5. For example, these can include specific allegations that the private party "'acted in concert,' 'coordinat[ed] with,' [and/or] abused 'the[ir] close connection'" with the state actor. *Id.* In *Doe*, the state actor supported the private party's "intimidat[ion], harass[ment], and harm[ing] [of] the plaintiffs . . . [e]ven after the plaintiffs

9

secured a civil protection order" by providing the private party the plaintiffs' new address so that the private party could continue the injury and encouraged violation of a court order. *Id.* at *5–6.

Neither defendant is subject to a suit under § 1983 based on the facts alleged. With respect to Defendant Burchinal, Gutierrez makes conclusory statements instead of providing specific facts of an alleged conspiracy between Burchinal and potential coconspirators. Although Gutierrez does identify the parties that allegedly injured him, he fails to assert facts that demonstrate that they agreed to a single, illegal plan—such as violating a court order, and how the alleged coconspirators acted in furtherance of that plan—for instance, collaborating to ensure the plan is carried out. Because Gutierrez seeks to voluntary dismiss the original claims against Detective Wade, this Court need not apply the state actor doctrine analysis to him.

Therefore, Gutierrez's first Motion to Amend Complaint (ECF No. 6) is **DENIED**. Gutierrez's second Motion to Amend Complaint (ECF No. 9) is **GRANTED**, and Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint to address the factual deficiencies in his arguments related to the tolling of the statute of limitations and the state actor doctrine as it applies to Defendant Burchinal.

## IV. CONCLUSION

This Court has conducted an independent review of the pleadings and arguments. For the reasons previously discussed, Gutierrez's objections are **OVERRULED**. (ECF No. 7). Gutierrez's first Motion to Amend Complaint (ECF No. 6) is **DENIED**. Gutierrez's second Motion to Amend Complaint (ECF No. 9) is **GRANTED**. The Magistrate Judge's First R&R is **ADOPTED WITH MODIFICATIONS in part** with respect to Defendant Burchinal and **REJECTED AS MOOT in part** with respect to Defendant Wade. (ECF No. 4). Accordingly, Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint to address the factual deficiencies in his arguments related

to the tolling of the statute of limitations and the state actor doctrine as it applies to Defendant Burchinal. The Second R&R is **OVERRULED AS MOOT** (ECF No. 8), and the Third R&R is **ADOPTED WITH MODIFICATIONS**. (ECF No. 10).

    **IT IS SO ORDERED.**

                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 13, 2023**