**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR GUTIERREZ, | : | Case No. 2:22-cv-02039 |
| | : | |
| Plaintiff, | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| CHRISTOPHER J. BURCHINAL, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court following Plaintiff's failure to amend his complaint and his failure to comply with this Court's Orders. Because of these failures, as explained below, the undersigned Magistrate Judge recommends that this matter be dismissed.

After conducting an initial screening of Plaintiff's Complaint pursuant to 8 U.S.C. § 1915A(a) & § 1915(e)(2) (Doc. No. 4), the Court found that, *as pled*, it failed to state a claim upon which relief could be granted (Doc. No. 11, PageID 179). However, the Court granted Plaintiff leave to amend his Complaint "to address the factual deficiencies in his arguments related to the tolling of the statute of limitations and the state actor doctrine as it applies to Defendant Burchinal." (*Id*. at PageID 181-82.)

In its Order granting Plaintiff leave to amend his Complaint, the Court did not specify a deadline by which Plaintiff must do so. (Doc. No. 11.) However, after nearly three months had passed with no such filing by Plaintiff, the undersigned Magistrate Judge ordered Plaintiff either to file an amended complaint or to show cause, in writing,

1

why this matter should not be dismissed for failure to prosecute. (Doc. No. 12.) The Court warned Plaintiff: "**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THE DISTRICT JUDGE DISMISS THIS CASE.**" (*Id*. at PageID 184 (emphasis in original).) The deadline for responding to that Order has passed and Plaintiff still has not responded.

District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jordan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Though Plaintiff is proceeding *pro se*, the Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff's claims should be dismissed for two reasons: he failed to file an amended complaint as directed by the Court and also failed to comply with this Court's Orders. Each of these deficiencies constitutes a failure to prosecute that independently warrants dismissal. *See Lackey v. Pristine of Riverview*, 1:18-CV-00895, 2019 U.S. Dist. LEXIS 238116 (S.D. Ohio 2019) (Bowman, M.J.) (failure to amend); *Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991) (repeated failure to abide by court deadlines).

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that this matter be dismissed for failure to prosecute.

**IT IS SO RECOMMENDED.**

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

If any party objects to this Report and Recommendation ("Report"), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).